STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    CIVIL ACTION
                                                  DOCKET NO. CV24-269

BRANDON WOOLLEY,                          )
                                          )
  Plaintiff,                             )
                                          )
    v.                                  )
                                          )
TOWN OF SEBAGO, BRADLEY                   )
PLANTE, as Town Manager of Town of       )
Sebago, MARK ROY,                        )
ROBERT LALIBERTE, AND                    )
MARCY LALIBERTE                          )
                                          )
  Defendants.                            )
                                          )

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Brandon Woolley ("Plaintiff" or "Woolley"), and hereby

complains against The Town of Sebago ("Town"), Bradley Plante ("Plante") Mark Roy ("Roy"),

Robert Laliberte ("Mr. Laliberty") and Marcy Laliberty (Ms. Laliberty) as follows:

    1.    Plaintiff Brandon Woolley is an individual residing in East Baldwin, Cumberland

County, Maine.

    2.    Defendant Town of Sebago is a municipality organized under the laws of the

State of Maine located in Sebago, Cumberland County, Maine.

    3.    Defendant Bradley Plante is the Town Manager for the Town of Sebago.

    4.    Mark Roy is an individual residing in the Town of Sebago, Cumberland County,

Maine.

    5.    Robert Laliberte is an individual residing in the Town of Sebago, Cumberland

County, Maine.

6.      Marcy Laliberty is an individual residing in the Town of Sebago, Cumberland County, Maine.

7.      Woolley was employed as the Code Enforcement Officer of the Town of Sebago for twelve years until he was illegally terminated on May 29, 2024.  Throughout his employment with the Town of Sebago, Woolley performed his duties in accordance with his duties and responsibilities to the Town and met or exceeded the expectations of his job in each of the performance evaluations he received in his 12 years of employment with the Town.

8.      In 2021 Gorham Sand & Gravel approached Woolley about the ability to operate a gravel pit in the Town.  Woolley, explained the zoning ordinances to Gorham Sand & Gravel and also explained that the company would have to seek approval from the Planning Board.

9.      Gorham Sand & Gravel purchased a piece of property and pursued its goal of operating a gravel pit in Sebago.  Gorham Sand & Gravel participated in a lengthy Planning Board process and obtained a permit by vote of the Planning Board.  Subsequent appeals to the Zoning Board of Appeals followed, as well as an appeal to the Superior Court.

10.      The project became extremely controversial in the Town of Sebago.  Several members of the Town wrongfully concluded that Woolley was responsible for the presence of the Gorham Sand & Gravel even though Woolley performed his job as he was required and provided information about the zoning ordinance as it existed.  Some town residents became extremely malicious toward Woolley and spearheaded an effort to have him removed.  The Town declined to remove Woolley because there was not a sufficient record of wrongdoing and the Town was concerned it would be sued.

11.     As a result of the Gorham Sand & Gravel project, leadership positions in the Town changed.  Members of the Board of Selectmen and other elected official resigned.  A new Town Manager, Bradley Plante, was hired in 2023 or 2024.

12.     In January, 2022, Defendants Roy, Robert Laliberty and Marcy Laliberty circulated a petition which they falsely represented was a petition to shut down the Gorham Sand & Gravel operations, when in fact the petition included a request to remove Woolley as Code Enforcement Officer for the Town.

13.     On or about June 2023 the Town voted to authorize funds for planning consulting services.  After the authorization for limited consulting services, in contravention of the Town vote, on June 28, 2023 the Town entered into an agreement to provide Town Planner services at a regularly set weekly schedule, far broader than the limited consulting services represented at the time of the Vote ("Town Planner Contract").  The Town did not disclose the contract to the Town.  The Town ordinances did not authorize the planning services contracted for by the Town.

14.     On or about January 30, 2024 a Special Town Meeting was scheduled to consider amendments to the town ordinance which would retroactively provide the services contemplated by the undisclosed Town Planner Services.

15.     Woolley, through a public records request, discovered the undisclosed Town Planner Contract.  Woolley reported the contract to some citizens of the Town, which resulted in controversy and opposition to the proposed amendment to the Town Ordinance to provide Town Planner services at the special town meeting on January 30, 2024.  The Board of Selectman were visibly upset about the questions surrounding the contract.

16.     Thereafter, the Town Manager and Select Board created a hostile work environment by questioning the way he had conducted his business in the many years he worked for the town.

17.     On March 8, 2024 Defendant Plante placed Woolley on paid administrative leave pending an investigation for undisclosed violations.  On May 8, 2024 Plante called Woolley in for a mandatory meeting for undisclosed reasons.  Plante questioned Woolley during the meeting and Woolley responded explaining standard operating practices that occurred for the entire time Woolley worked for the Town.

18.     On May 29, 2024 the Town held a hearing regarding the dismissal of Woolley as Code Enforcement Officer.  Woolley was not given adequate advance notice of the hearing.  At the hearing Woolley was presented a stack of documents which he had no advance notice of and no adequate opportunity to respond.  The materials contained significant false statements that were accepted without question by the Town and for which Woolley had no opportunity to respond.  The Town also held standard operating practices against Woolley, which it had accepted for years with no explanation for the change.

19.     On May 29, 2024 the Town wrongfully voted to terminate Woolley's employment as Code Enforcement Officer.  The Town also voted to refer to "authorities" certain conduct, falsely and defamatorily implying Woolley had engaged in criminal conduct.

20.     Although the Town did not provide proper advance notice to Woolley of the hearing, they refused his request to make the hearing public purportedly because he had not made sufficient advance request.

21.     After refusing to permit Woolley the opportunity to defend himself and his reputation in a public proceeding, the Town issued a report containing alleged "findings" about

Woolley that was riddled with falsehoods and implied criminal conduct on the part of Woolley. Significant debate has occurred on social media in which citizens have drawn false and defamatory conclusions about Woolley as a result of the Town's actions.

## COUNT I

### 80B Appeal

22.     Plaintiff restates and realleges paragraphs 1-21 of this Complaint as if fully set forth herein.

23.     Defendants Town of Sebago and Plante acted pursuant to their duties on behalf of the Town of Sebago constitute government action.

24.     Defendants Town of Sebago and Plante have acted illegally and request review of their actions by this Court.

## COUNT II

### Section 1983 First Amendment

25.     Plaintiff restates and realleges paragraphs 1-24 of this Complaint as if fully set forth herein.

26.     Defendants Town of Sebago and Plante are persons with final policy making authority whose intentional decision to terminate Woolley violated his constitutional rights.

27.     Defendants violated his right to speech when it terminated him for discovering through a public records request a misrepresented, undisclosed and illegal contract entered into by the town and disclosing that document to citizens of Sebago to voice opposition to ordinance amendments put to vote at town meeting.

28.     Defendants acted intentionally and with deliberate indifference to his rights.

29.     As a result, Defendants have an official custom, policy, or practice of violating the First Amendment's guarantee of free speech.

30.     Defendants' unconstitutional custom, policy, or practice violated Plaintiff Woolley's constitutional rights and caused him to suffer damages compensable pursuant to 42 U.S.C. § 1983.

## COUNT III

### Interference with Business Relations

31.     Plaintiff restates and realleges paragraphs 1-30 of this Complaint as if fully set forth herein.

32.     Woolley had an ongoing contractual relationship with the Town.

33.     Defendants Roy, Marcy Laliberte and Robert Laliberty, by means of fraud and intimidation in making false statements about the contents of the petition they circulated and other false statements, interfered with Woolley's relationship with the Town by procuring and causing the Town to discharge Woolley.

34.     Woolley's employment with the Town would have continued in the absence of Defendants actions.

35.     Woolley has been damaged by Defendants actions.

## COUNT IV

### DEFAMATION

36.     Plaintiff restates and realleges paragraphs 1-35 of this Complaint as if fully set forth herein.

37.     Defendants made false and defamatory statements about Woolley to the Town and publicly to the citizens of the Town.

38.     Defendants' actions constituted fault that, at the very least, amounted to negligence or alternatively were made with reckless disregard for the truth of the statements.

39.     Said false and defamatory statements about Woolley are actionable irrespective of the special harm caused by the publication.

40.     Woolley has suffered severe financial and emotional damage as a result of Defendants' actions.

## COUNT V

## LIBEL PER SE

41.     Plaintiff restates and realleges paragraphs 1-40 of this Complaint as if fully set forth herein.

42.     Defendants' false and defamatory statements about Woolley to Hand caused harm to his reputation and lowered his in the estimation of the community.

43.     Defendants' false and defamatory statements caused Woolley to lose his employment.

44.     Defendants' written false words about Wooley's profession, occupation or official station are actionable without special harm.

45.     Defendants' written false words implying criminal conduct about Woolley's are actionable without special harm.

46.     Woolley has suffered severe financial and emotional damage as a result of Defendants' actions.

## COUNT VI

## NEGLIGENT MISREPRESENTATION

47.     Plaintiff restates and realleges paragraphs 1 – 46 of this Complaint as if fully set forth herein.

48.     Defendants supplied false information to the Town regarding Plaintiff.

49.     The Town relied on Defendants' false information to terminate Plaintiff's employment.

50.     Plaintiff was damaged by Defendants' false statement.

WHEREFORE, Plaintiff requests that this Court grant the following relief:

(a) enter judgment in his favor;

(b) award Plaintiff damages from lost income;

(c) award Plaintiff all damages available under the law;

(d) award compensatory and punitive damages in an amount to be determined at trial and prejudgment interest thereon;

(e) award Plaintiff nominal damages;

(f) award Plaintiff prejudgment interest;

(g) award Plaintiff his full costs, including reasonable attorneys' fees, expert fees and costs; and

(h) award such further relief as is deemed appropriate.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE

Dated:  June 28, 2024

Sally A. Morris, Esq. Bar No. 8479
Attorney for Plaintiff Brandon Woolley
Sally A. Morris, Attorney at Law
Six City Center, Suite 300
Portland, ME 04101
(207) 558-6161
smorris@morrisemploymentlaw.com

CONTAINS NONPUBLIC DIGITAL INFORMATION **MAINE JUDICIAL BRANCH**

| *Complete the caption that applies to your case:* | *"X" the court for filing:* |
|---|---|
| ☒ Brandon Woolley _____ Plaintiff/Petitioner | ☒ Superior Court ☐ District Court |
| | ☐ Unified Criminal Docket |
| | ☐ Supreme Judicial Court |
| V. | County: Cumberland |
| Bradley LaPlante as Town Manager Defendant/Respondent | Location (Town): Portland |
| Town of Sebago Marcy Laliberte, Robert Laliberte Mark Roy  Other Party | Docket No.: CV-2024-269 |

**OR**

☐ IN RE: _____

### NOTICE REGARDING ELECTRONIC SERVICE

**NOTICE TO PARTIES**: All parties who are represented by an attorney are subject to the requirements of Electronic Service under Rule 5 of the Maine Rules of Civil Procedure, and Rule 49(d) of the Maine Rules of Unified Criminal Procedure.

**OPT IN**: *If you do not have an attorney*, papers that must be served on you <u>by other parties</u> in this case will be sent to you through the regular mail to your address of record. But **you have a choice** to allow other parties to serve you by sending documents electronically to your designated email address.

---

**PLEASE NOTE:  Any electronic service that you opt into applies only to papers served on you by other parties.** It does not apply to documents that are sent to you by the court or documents that you file with the court.

**Even if you opt in to allow service by email, you can only send documents to the other parties by email if (1) they also opt in by completing this form, and (2) you can scan and create .pdf files of documents.**

---

<u>If you choose not to opt in, you do not need to do anything.</u> If you would like to receive papers electronically, you must meet the requirements set forth below. Check the appropriate box(es), sign, and mail or email the form to all other parties in the case. <u>Do not file this form with the Court.</u>

☐ **Electronic Receipt**: I choose to OPT IN to allow other parties to email me documents in this case. I have reviewed and meet all of the following electronic receipt requirements:

   ☐ I have a trusted email account and I have daily access to this account;
   ☐ I understand that **I will receive time-sensitive documents** through this email address including documents that may require me to take action in this case;
   ☐ This email account has available electronic storage of at least 1 gigabyte;
   ☐ This email account accepts emails with attachments of up to 10 megabytes; and
   ☐ I will be able to maintain this email account throughout this case.

Date (*mm/dd/yyyy*): _____    ▶ _____
                                              Signature of Self-Represented Party
                                              *(You do not have to print and sign this form. Typing your name above after /s/ will be accepted as an electronic signature.)*

                                   Print name: _____

                               Print email address: _____

---

**ADA Notice:** The Maine Judicial Branch complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation contact the Court Access Coordinator, accessibility@courts.maine.gov, or a court clerk.
**Language Services:** For language assistance and interpreters, contact a court clerk or interpreters@courts.maine.gov.

CONTAINS NONPUBLIC DIGITAL INFORMATION

**MAINE JUDICIAL BRANCH**

| | | |
|---|---|---|
| BRANDON WOOLLEY | Plaintiff | *"X" the court for filing:* |
| | | ☒ Superior Court ☐ District Court |
| V. | | County: CUMBERLAND |
| | | Location (Town): _____ |
| TOWN OF SEBAGO, ET AL | Defendant | Docket No.: CV-24-269 |

**ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT OR POST-JUDGMENT MOTION**

M.R. Civ. P. 4(c)(1)

**NOTICE**

Please sign the acknowledgment below and return this form in the enclosed self-addressed stamped envelope so it will be received by the sender within 20 days from the day it was mailed to you.  If you do not do this, you may be required by the Court to pay for the cost of serving the Summons and Complaint or Post-Judgment Motion on you.

**(Keep one copy of this form and the copy of the Complaint or Motion for your records.)**

**STATEMENT**

By signing, dating and returning this form, I state that I received a copy of the Summons and Complaint or a copy of the Post-Judgment Motion and that:

**AS TO ALL CIVIL COURT CASES, INCLUDING DIVORCE, JUDICIAL SEPARATION AND PARENTAL RIGHTS & RESPONSIBILITES,** I understand that if I do not file an answer to the Complaint or an objection to the Motion within the time limits established by statute or court rule and appear at all court conferences and hearings, then a judgment may be entered against me in my absence, and Plaintiff or the moving party may request that other orders be entered against me.

**AS TO DIVORCE, JUDICIAL SEPARATION, AND PARENTAL RIGHTS & RESPONSIBILITIES CASES,** I understand that if I do not want to file an Answer to the Complaint, but I do want to be heard on issues of parental rights and responsibilities regarding my children, alimony, support, counsel fees and division of marital and non-marital property, I must file an Entry of Appearance form and appear at all court conferences and hearings.  I may file an Answer and Counterclaim (Forms FM-186/FM-187) to a divorce or parental rights and responsibilities' complaint. If I intend to file an Answer and Counterclaim, I understand it must be filed within 20 days of being served with the complaint. You can get an Answer and Counterclaim at any District Court or at www.courts.maine.gov.

Date (*mm/dd/yyyy*): _____  ▶

| | |
|---|---|
| | Signature _____ |
| Printed Name: | _____ |
| ☐ Attorney for: | _____ |
| Bar No. (*if applicable*): | _____ |
| Address: | _____ |
| | _____ |
| Phone: | (      ) _____ |
| Email: | _____ |

**IMPORTANT WARNING: You are responsible for notifying the court clerk of any changes to your address and telephone number. If you do not inform the clerk of any changes to either your address or telephone number, it may not be possible for you to get notices of court conferences and hearings.**

**ADA Notice:** The Maine Judicial Branch complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation contact the Court Access Coordinator, accessibility@courts.maine.gov, or a court clerk.
**Language Services:** For language assistance and interpreters, contact a court clerk or interpreters@courts.maine.gov.

CV-FM-036, Rev. 02/21                    Page 1 of 1                    www.courts.maine.gov
Acknowledgment of Receipt of Summons and
Complaint or Post-Judgment Motion

CONTAINS NONPUBLIC DIGITAL INFORMATION

## MAINE JUDICIAL BRANCH

| | |
|---|---|
| BRANDON WOOLLEY _____ Plaintiff | **"X" the court for filing:** ☒ Superior Court ☐ District Court |
| V. | County: CUMBERLAND _____ |
| | Location (Town): _____ |
| TOWN OF SEBAGO, ET AL _____ Defendant | Docket No.: CV-24-269 _____ |

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT OR POST-JUDGMENT MOTION
M.R. Civ. P. 4(c)(1)

### NOTICE

Please sign the acknowledgment below and return this form in the enclosed self-addressed stamped envelope so it will be received by the sender within 20 days from the day it was mailed to you.  If you do not do this, you may be required by the Court to pay for the cost of serving the Summons and Complaint or Post-Judgment Motion on you.
**(Keep one copy of this form and the copy of the Complaint or Motion for your records.)**

### STATEMENT

By signing, dating and returning this form, I state that I received a copy of the Summons and Complaint or a copy of the Post-Judgment Motion and that:

**AS TO ALL CIVIL COURT CASES, INCLUDING DIVORCE, JUDICIAL SEPARATION AND PARENTAL RIGHTS & RESPONSIBILITES,** I understand that if I do not file an answer to the Complaint or an objection to the Motion within the time limits established by statute or court rule and appear at all court conferences and hearings, then a judgment may be entered against me in my absence, and Plaintiff or the moving party may request that other orders be entered against me.

**AS TO DIVORCE, JUDICIAL SEPARATION, AND PARENTAL RIGHTS & RESPONSIBILITIES CASES,** I understand that if I do not want to file an Answer to the Complaint, but I do want to be heard on issues of parental rights and responsibilities regarding my children, alimony, support, counsel fees and division of marital and non-marital property, I must file an Entry of Appearance form and appear at all court conferences and hearings.  I may file an Answer and Counterclaim (Forms FM-186/FM-187) to a divorce or parental rights and responsibilities' complaint. If I intend to file an Answer and Counterclaim, I understand it must be filed within 20 days of being served with the complaint. You can get an Answer and Counterclaim at any District Court or at www.courts.maine.gov.

Date (*mm/dd/yyyy*): _____      ▶

| | |
|---|---|
| | Signature _____ |
| Printed Name: | _____ |
| ☐ Attorney for: | _____ |
| Bar No. (*if applicable*): | _____ |
| Address: | _____ |
| | _____ |
| Phone: | ( ) _____ |
| Email: | _____ |

**IMPORTANT WARNING: You are responsible for notifying the court clerk of any changes to your address and telephone number. If you do not inform the clerk of any changes to either your address or telephone number, it may not be possible for you to get notices of court conferences and hearings.**

ADA Notice: The Maine Judicial Branch complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation contact the Court Access Coordinator, accessibility@courts.maine.gov, or a court clerk.
**Language Services:** For language assistance and interpreters, contact a court clerk or interpreters@courts.maine.gov.

CV-FM-036, Rev. 02/21          Page 1 of 1          www.courts.maine.gov
Acknowledgment of Receipt of Summons and
Complaint or Post-Judgment Motion

**MAINE JUDICIAL BRANCH**

BRANDON WOOLLEY _____ Plaintiff

V.

TOWN OF SEBAGO _____ Defendant
406 BRIDGTON RD _____ Address
SEBAGO, MAINE 04029

"X" the court for filing:
☒ Superior Court ☐ District Court
County: CUMBERLAND
Location (Town): _____
Docket No.: CV-24-269

## SUMMONS
M. R. Civ. P. 4(d)

The Plaintiff has begun a lawsuit against you in the ☐ District ☒ Superior Court, which holds sessions at (*street address*) 205 NEWBURY ST _____, in the Town/City of PORTLAND _____, County of CUMBERLAND _____, Maine. If you wish to oppose this lawsuit, you or your attorney **MUST PREPARE AND SERVE A WRITTEN ANSWER** to the attached Complaint **WITHIN 20 DAYS** from the day this Summons was served upon you. You or your attorney must serve your Answer by delivering a copy of it in person, by mail, or by email to the Plaintiff's attorney, whose name and address, including email address appear below, or by delivering a copy of it in person or by mail to the Plaintiff, if the Plaintiff's name and address appear below. You or your attorney must also file the original of your Answer with the court by mailing it to: Clerk of ☐ District ☒ Superior Court,

205 NEWBURY ST _____, PORTLAND _____, Maine 04101 _____
    (*Mailing Address*)              (*Town, City*)              (*Zip*)

before, or within a reasonable time after, it is served. Court rules governing the preparation and service of Answers are found at www.courts.maine.gov.

---

**IMPORTANT WARNING**: If you fail to serve an answer within the time stated above, or if, after you answer, you fail to appear at any time the Court notifies you to do so, a judgment by default may be entered against you in your absence for the money damages or other relief demanded in the Complaint. If this occurs, your employer may be ordered to pay part of your wages to the Plaintiff or your personal property, including bank accounts and your real estate may be taken to satisfy the judgment. **If you intend to oppose this lawsuit, do not fail to answer within the requested time.**

---

If you believe the plaintiff is not entitled to all or part of the claim set forth in the Complaint or if you believe you have a claim of your own against the Plaintiff, you should talk to a lawyer. If you feel you cannot afford to pay a fee to a lawyer, you may ask the clerk of court for information as to places where you may seek legal assistance.

Date (*mm/dd/yyyy*): 07/23/2024

Sally Morris
8479
Six City Center, Ste 300
Portland, ME 04101
207-558-6161 Smorris@morrisemploymentlaw.com

(☐Attorney for) Plaintiff
Bar # (if applicable)
Address

Telephone/Email

(Seal of Court)

Shelly Sawyer
Clerk

---

**ADA Notice:** The Maine Judicial Branch complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation contact the Court Access Coordinator, accessibility@courts.maine.gov, or a court clerk.
**Language Services:** For language assistance and interpreters, contact a court clerk or interpreters@courts.maine.gov.

CONTAINS NONPUBLIC DIGITAL INFORMATION

## MAINE JUDICIAL BRANCH

### STATE OF MAINE

_____ County

On (*date*) _____, I served the Complaint (and Summons, and <u>Notice Regarding Electronic Service</u>) upon Defendant _____ by delivering a copy of the same at the following address:

_____

☐ to the above-named Defendant in hand.

☐ to (*name*) _____, a person of suitable age and discretion who was then residing at Defendant's usual residence.

☐ to (*name*) _____, who is authorized to receive service for Defendant.

☐ by (*describe other manner of service*): _____
_____
_____.

Date (*mm/dd/yyyy*): _____          ▶  _____
                                                     Deputy Sheriff Signature

                                                     _____
                                                     Printed Name

**Costs of Service:**                                _____
                                                     Agency

Service:     $ _____
Travel:      $ _____
Postage:     $ _____
Other:       $ _____

**Total**    $ _____

**ADA Notice:** The Maine Judicial Branch complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation contact the Court Access Coordinator, accessibility@courts.maine.gov, or a court clerk.
**Language Services:** For language assistance and interpreters, contact a court clerk or interpreters@courts.maine.gov.

CONTAINS NONPUBLIC DIGITAL INFORMATION       **MAINE JUDICIAL BRANCH**

*Complete the caption that applies to your case:*                    *"X" the court for filing:*

☒  Brandon Woolley _____  Plaintiff/Petitioner      ☒ Superior Court ☐ District Court
                                                             ☐ Unified Criminal Docket
                                                             ☐ Supreme Judicial Court
V.                                                           County:  Cumberland _____
Town of Sebago _____  Defendant/Respondent          Location (Town): Portland _____
Bradley LaPlante, Marcy Laliberte, Robert Laliberte Mark Roy   Other Party       Docket No.:  CV-2024-269 _____

**OR**

☐  IN RE: _____

### NOTICE REGARDING ELECTRONIC SERVICE

**NOTICE TO PARTIES**: All parties who are represented by an attorney are subject to the requirements of Electronic Service under Rule 5 of the Maine Rules of Civil Procedure, and Rule 49(d) of the Maine Rules of Unified Criminal Procedure.

**OPT IN**: *If you do not have an attorney*, papers that must be served on you <u>by other parties</u> in this case will be sent to you through the regular mail to your address of record. But **you have a choice** to allow other parties to serve you by sending documents electronically to your designated email address.

> **PLEASE NOTE:  Any electronic service that you opt into applies only to papers served on you by other parties.** It does not apply to documents that are sent to you by the court or documents that you file with the court.
>
> **Even if you opt in to allow service by email, you can only send documents to the other parties by email if (1) they also opt in by completing this form, and (2) you can scan and create .pdf files of documents.**

<u>**If you choose not to opt in, you do not need to do anything.**</u> If you would like to receive papers electronically, you must meet the requirements set forth below. Check the appropriate box(es), sign, and mail or email the form to all other parties in the case. <u>Do not file this form with the Court.</u>

☐  **Electronic Receipt**: I choose to OPT IN to allow other parties to email me documents in this case. I have reviewed and meet all of the following electronic receipt requirements:
- ☐  I have a trusted email account and I have daily access to this account;
- ☐  I understand that **I will receive time-sensitive documents** through this email address including documents that may require me to take action in this case;
- ☐  This email account has available electronic storage of at least 1 gigabyte;
- ☐  This email account accepts emails with attachments of up to 10 megabytes; and
- ☐  I will be able to maintain this email account throughout this case.

Date (*mm/dd/yyyy*): _____   ►  _____
                                             Signature of Self-Represented Party
                                             *(You do not have to print and sign this form. Typing your name above after /s/ will be accepted as an electronic signature.)*

Print name: _____

Print email address: _____

> **ADA Notice:** The Maine Judicial Branch complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation contact the Court Access Coordinator, accessibility@courts.maine.gov, or a court clerk.
> **Language Services:** For language assistance and interpreters, contact a court clerk or interpreters@courts.maine.gov.

STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    CIVIL ACTION
                                                  DOCKET NO. *CV24-269*

BRANDON WOOLLEY,                    )
                                    )
   Plaintiff,                       )
                                    )
    v.                            )
                                    )
TOWN OF SEBAGO, BRADLEY             )
PLANTE, as Town Manager of Town of  )
Sebago, MARK ROY,                   )
ROBERT LALIBERTE, AND               )
MARCY LALIBERTE                     )
                                    )
   Defendants.                      )
                                    )

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Brandon Woolley ("Plaintiff" or "Woolley"), and hereby

complains against The Town of Sebago ("Town"), Bradley Plante ("Plante") Mark Roy ("Roy"),

Robert Laliberte ("Mr. Laliberty") and Marcy Laliberty (Ms. Laliberty) as follows:

    1.    Plaintiff Brandon Woolley is an individual residing in East Baldwin, Cumberland

County, Maine.

    2.    Defendant Town of Sebago is a municipality organized under the laws of the

State of Maine located in Sebago, Cumberland County, Maine.

    3.    Defendant Bradley Plante is the Town Manager for the Town of Sebago.

    4.    Mark Roy is an individual residing in the Town of Sebago, Cumberland County,

Maine.

    5.    Robert Laliberte is an individual residing in the Town of Sebago, Cumberland

County, Maine.

6.      Marcy Laliberty is an individual residing in the Town of Sebago, Cumberland County, Maine.

7.      Woolley was employed as the Code Enforcement Officer of the Town of Sebago for twelve years until he was illegally terminated on May 29, 2024.  Throughout his employment with the Town of Sebago, Woolley performed his duties in accordance with his duties and responsibilities to the Town and met or exceeded the expectations of his job in each of the performance evaluations he received in his 12 years of employment with the Town.

8.      In 2021 Gorham Sand & Gravel approached Woolley about the ability to operate a gravel pit in the Town.  Woolley, explained the zoning ordinances to Gorham Sand & Gravel and also explained that the company would have to seek approval from the Planning Board.

9.      Gorham Sand & Gravel purchased a piece of property and pursued its goal of operating a gravel pit in Sebago.  Gorham Sand & Gravel participated in a lengthy Planning Board process and obtained a permit by vote of the Planning Board.  Subsequent appeals to the Zoning Board of Appeals followed, as well as an appeal to the Superior Court.

10.      The project became extremely controversial in the Town of Sebago.  Several members of the Town wrongfully concluded that Woolley was responsible for the presence of the Gorham Sand & Gravel even though Woolley performed his job as he was required and provided information about the zoning ordinance as it existed.  Some town residents became extremely malicious toward Woolley and spearheaded an effort to have him removed.  The Town declined to remove Woolley because there was not a sufficient record of wrongdoing and the Town was concerned it would be sued.

11.     As a result of the Gorham Sand & Gravel project, leadership positions in the Town changed.  Members of the Board of Selectmen and other elected official resigned.  A new Town Manager, Bradley Plante, was hired in 2023 or 2024.

12.     In January, 2022, Defendants Roy, Robert Laliberty and Marcy Laliberty circulated a petition which they falsely represented was a petition to shut down the Gorham Sand & Gravel operations, when in fact the petition included a request to remove Woolley as Code Enforcement Officer for the Town.

13.     On or about June 2023 the Town voted to authorize funds for planning consulting services.  After the authorization for limited consulting services, in contravention of the Town vote, on June 28, 2023 the Town entered into an agreement to provide Town Planner services at a regularly set weekly schedule, far broader than the limited consulting services represented at the time of the Vote ("Town Planner Contract").  The Town did not disclose the contract to the Town.  The Town ordinances did not authorize the planning services contracted for by the Town.

14.     On or about January 30, 2024 a Special Town Meeting was scheduled to consider amendments to the town ordinance which would retroactively provide the services contemplated by the undisclosed Town Planner Services.

15.     Woolley, through a public records request, discovered the undisclosed Town Planner Contract.  Woolley reported the contract to some citizens of the Town, which resulted in controversy and opposition to the proposed amendment to the Town Ordinance to provide Town Planner services at the special town meeting on January 30, 2024.  The Board of Selectman were visibly upset about the questions surrounding the contract.

16.     Thereafter, the Town Manager and Select Board created a hostile work environment by questioning the way he had conducted his business in the many years he worked for the town.

17.     On March 8, 2024 Defendant Plante placed Woolley on paid administrative leave pending an investigation for undisclosed violations. On May 8, 2024 Plante called Woolley in for a mandatory meeting for undisclosed reasons. Plante questioned Woolley during the meeting and Woolley responded explaining standard operating practices that occurred for the entire time Woolley worked for the Town.

18.     On May 29, 2024 the Town held a hearing regarding the dismissal of Woolley as Code Enforcement Officer. Woolley was not given adequate advance notice of the hearing. At the hearing Woolley was presented a stack of documents which he had no advance notice of and no adequate opportunity to respond. The materials contained significant false statements that were accepted without question by the Town and for which Woolley had no opportunity to respond. The Town also held standard operating practices against Woolley, which it had accepted for years with no explanation for the change.

19.     On May 29, 2024 the Town wrongfully voted to terminate Woolley's employment as Code Enforcement Officer. The Town also voted to refer to "authorities" certain conduct, falsely and defamatorily implying Woolley had engaged in criminal conduct.

20.     Although the Town did not provide proper advance notice to Woolley of the hearing, they refused his request to make the hearing public purportedly because he had not made sufficient advance request.

21.     After refusing to permit Woolley the opportunity to defend himself and his reputation in a public proceeding, the Town issued a report containing alleged "findings" about

Woolley that was riddled with falsehoods and implied criminal conduct on the part of Woolley. Significant debate has occurred on social media in which citizens have drawn false and defamatory conclusions about Woolley as a result of the Town's actions.

## COUNT I

### 80B Appeal

22.    Plaintiff restates and realleges paragraphs 1-21 of this Complaint as if fully set forth herein.

23.    Defendants Town of Sebago and Plante acted pursuant to their duties on behalf of the Town of Sebago constitute government action.

24.    Defendants Town of Sebago and Plante have acted illegally and request review of their actions by this Court.

## COUNT II

### Section 1983 First Amendment

25.    Plaintiff restates and realleges paragraphs 1-24 of this Complaint as if fully set forth herein.

26.    Defendants Town of Sebago and Plante are persons with final policy making authority whose intentional decision to terminate Woolley violated his constitutional rights.

27.    Defendants violated his right to speech when it terminated him for discovering through a public records request a misrepresented, undisclosed and illegal contract entered into by the town and disclosing that document to citizens of Sebago to voice opposition to ordinance amendments put to vote at town meeting.

28.    Defendants acted intentionally and with deliberate indifference to his rights.

29. As a result, Defendants have an official custom, policy, or practice of violating the First Amendment's guarantee of free speech.

30. Defendants' unconstitutional custom, policy, or practice violated Plaintiff Woolley's constitutional rights and caused him to suffer damages compensable pursuant to 42 U.S.C. § 1983.

## COUNT III

### Interference with Business Relations

31. Plaintiff restates and realleges paragraphs 1-30 of this Complaint as if fully set forth herein.

32. Woolley had an ongoing contractual relationship with the Town.

33. Defendants Roy, Marcy Laliberte and Robert Laliberty, by means of fraud and intimidation in making false statements about the contents of the petition they circulated and other false statements, interfered with Woolley's relationship with the Town by procuring and causing the Town to discharge Woolley.

34. Woolley's employment with the Town would have continued in the absence of Defendants actions.

35. Woolley has been damaged by Defendants actions.

## COUNT IV

### DEFAMATION

36. Plaintiff restates and realleges paragraphs 1-35 of this Complaint as if fully set forth herein.

37. Defendants made false and defamatory statements about Woolley to the Town and publicly to the citizens of the Town.

38.     Defendants' actions constituted fault that, at the very least, amounted to negligence or alternatively were made with reckless disregard for the truth of the statements.

39.     Said false and defamatory statements about Woolley are actionable irrespective of the special harm caused by the publication.

40.     Woolley has suffered severe financial and emotional damage as a result of Defendants' actions.

## COUNT V

## LIBEL PER SE

41.     Plaintiff restates and realleges paragraphs 1-40 of this Complaint as if fully set forth herein.

42.     Defendants' false and defamatory statements about Woolley to Hand caused harm to his reputation and lowered his in the estimation of the community.

43.     Defendants' false and defamatory statements caused Woolley to lose his employment.

44.     Defendants' written false words about Wooley's profession, occupation or official station are actionable without special harm.

45.     Defendants' written false words implying criminal conduct about Woolley's are actionable without special harm.

46.     Woolley has suffered severe financial and emotional damage as a result of Defendants' actions.

## COUNT VI

## NEGLIGENT MISREPRESENTATION

7

47.     Plaintiff restates and realleges paragraphs 1 – 46 of this Complaint as if fully set forth herein.

48.     Defendants supplied false information to the Town regarding Plaintiff.

49.     The Town relied on Defendants' false information to terminate Plaintiff's employment.

50.     Plaintiff was damaged by Defendants' false statement.

WHEREFORE, Plaintiff requests that this Court grant the following relief:

(a) enter judgment in his favor;

(b) award Plaintiff damages from lost income;

(c) award Plaintiff all damages available under the law;

(d) award compensatory and punitive damages in an amount to be determined at trial and prejudgment interest thereon;

(e) award Plaintiff nominal damages;

(f) award Plaintiff prejudgment interest;

(g) award Plaintiff his full costs, including reasonable attorneys' fees, expert fees and costs; and

(h) award such further relief as is deemed appropriate.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE

Dated:  June 28, 2024

Sally A. Morris, Esq. Bar No. 8479
Attorney for Plaintiff Brandon Woolley
Sally A. Morris, Attorney at Law
Six City Center, Suite 300
Portland, ME 04101
(207) 558-6161
smorris@morrisemploymentlaw.com